PONCE AND GUAYAMA RAILROAD CO. *v.* MUÑOZ, DISTRICT JUDGE.

APPLICATION for a Writ of *Mandamus.*

No. 125.—Decided March 8, 1907.

MANDAMUS—CONDEMNATION PROCEEDINGS—APPEAL.—Where an appeal is taken in due time from the verdict of a jury in condemnation proceedings to the district court, and the court refuses to take cognizance of the appeal and decide it, the writ of mandamus will issue to compel him to do so.

ID.—CITATION OF PARTIES.—The citation of parties to hear a verdict rendered is sufficient notice to charge the parties with knowledge of such· verdict, from which they may reckon the time ·within which to exercise the rights and remedies provided by law.

The facts are stated in· the opinion.
*Mr. José Tous Soto* for plaintiff.
*Mr. Rossy, fiscal,* for defendant.
MR. JUSTICE FIGUERAS delivered the opinion of the court.

The Ponce and Guayama Railroad Co. instituted condemnation proceedings in the District Court of Guayama against Elvira Porrata Doria for the condemnation of a certain tract of land, and the jury empanelled to fix the amount of the indemnity to be paid the defendant for said tract of land returned its verdict on October 31, 1906, which the foreman of the jury handed to the secretary of the District Court of Guayama on the same date on which it was returned, advising him that the parties had been cited to hear it read. On the 9th of November following the District Court of Guayama rendered a final judgment in the matter, awarding the plaintiff corporation the title to the lands the condemnation of which it had sought. Within fifteen days after rendition of judgment—that is to say, on the 22d of said month of November—counsel for the plaintiff company, Attorney Tous Soto, deposited in court the sum of $500 which had been fixed by the jury as the amount of the indemnity, such deposit being made in accordance with the provisions of the Law of Eminent Domain. He also filed on the same day with the clerk of the court notice of an appeal from the verdict of the jury, and a motion praying the court to set a day for the hearing of the appeal. The court set December 1, 1906, for the discussion of the motion of the plaintiff taking an appeal from the verdict returned by the jury in said case, and the parties having appeared through their respective counsel, the court, after hearing the motion and the respective allegations, held that the appeal did not lie because it had not been taken in time, and the facts submitted to the consideration of the court had not been stated. The appeal was therefore dismissed, with costs against the appellant.

Attorney Tous Soto made an application to this court on December 13 last on behalf of the Ponce and Guayama Railroad Co. for a writ of *mandamus* to the judge of the District Court of Guayama, directing him to set a day and hour for hearing the appeal referred to, or, otherwise, to appear before this court and state his reasons for not doing

so. Upon an order having issued to the judge of this district court to show cause why the writ of *mandamus* applied for should not issue, the Attorney General appeared on his behalf and, after having briefly set forth in his answer the facts of the case, he alleged that the decision rendered by the defendant under date of December 1, 1906, dismissing the appeal taken by the company from the verdict of the jury, is a final decision from which an appeal lay to the Supreme Court of Porto Rico.

Now, then, if the appeal from the verdict rendered by the jury had been taken within the term fixed by law, and the judge of the District Court of Guayama had refused to hear and determine the appeal, there is no doubt but that a writ of *mandamus* would lie, because then the judge of the District Court of Guayama could not refuse to hear the case, he being required to do so by virtue of law. (Section 18 of the act to provide for the condemnation of private property, approved March 12, 1903, in relation with section 1 of the act to establish the writ of *mandamus,* approved on the same date.)

But it happens that the appeal was taken out of time and, although it is alleged that the notice was not filed in due form, the fact is that the petitioning company was summoned to hear the verdict rendered, and this is a constructive notice producing all legal effects.

Furthermore, counsel for the plaintiff, on November 22, 1906, filed a motion in the Guayama court, depositing $500, the amount of the indemnity fixed in the verdict.

This act reveals that he had information of the verdict, and this must be assumed because the parties, as has been stated, were summoned to hear it rendered, and this is sufficient notice which the law requires for a knowledge thereof, and from which directly to derive such ordinary remedies as he might believe to be proper in law.

As the appeal from the verdict was not taken in due time we cannot order the Guayama court to set a day and hour for

hearing the appeal, as sought, because under such circumstances it is not required by law to act in the matter.

In view of the reasons stated, the writ of *mandamus* sought will not issue, and the costs must be taxed against the applicant.

*Denied.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.